[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 15 1997
This is an "appeal" dated August 6, 1996 brought under General Statutes §§ 52-418 and 52-420 from a decision of Albert G. Murphy, Arbitrator, dated July 16, 1996 denying a grievance filed by the Plaintiff, Local 1280, Communication Workers of America involving a layoff of the Plaintiff Pekah Wallace.
Defendant, City of Meriden, moves to dismiss the appeal on the ground that Pekah Wallace has no standing to bring this appeal and the Union never authorized Attorney Thomas Meade, who filed the appeal on behalf of the Plaintiffs to bring the appeal.
— I —
The Defendant has claimed at oral argument that the appeal was never authorized by the Union and has produced an affidavit by Attorney Ross McKay that both local and national counsel for the Union have denied that Attorney Meade represents them, or that the Union ever authorized him to file this appeal. Although, invited by the court to file a counter affidavit Attorney Meade has failed to do so.
Indeed, on October 18, 1996, a first amended complaint filed by Attorney Meade "removes" the Union as a Plaintiff and retains Pekah Wallace as sole Plaintiff.
Thus, the remaining question is whether this "appeal" could have been taken by Pekah Wallace, now the sole Plaintiff, who undoubtedly has a direct stake in the outcome of the grievance and arbitration proceeding.
— II —
On July 7, 1994, the Union filed a grievance on behalf of former city employee Pekah Wallace alleging that the City failed CT Page 3679 to reinstate Wallace "in accordance with an Agreement ratified by the City Counsel on July 5, 1994." The City denied the grievance on July 14, 1994 and neither Wallace nor the Union submitted the matter to arbitration within the twenty-day period provided under the collective bargaining agreement as either could have done.
Thereafter the Union filed charges with the State Board of Labor Relations, which were subsequently withdrawn in lieu of the submission, by agreement of the City and the Union, to the single arbitrator whose decision is the subject of this Appeal. The hearing before the arbitration took place on three separate days on issues stipulated to between the City and the Union. While Wallace's termination and lack of reinstatement, was the subject of the arbitrator, she was not a party.
General Statutes § 52-418 provides the authority for this court to consider the vacation of an arbitration award "upon the application of any party." This present "appeal," even if it met the requirements for an application to vacate is now in the situation where the only party plaintiff is Wallace who was not a party to the arbitration. It does not appear that Wallace, acting in his personal capacity, has any standing to have the arbitration in which he was not a party, reviewed or vacated under General Statutes § 52-418 or General Statutes § 52-418
which provides the procedures for implementing motions.
Motion to Dismiss is granted.
WAGNER, J.T.R.